Sar Marvellous GREENE, Sr., aka Sar Pala A Ran Anan, Plaintiff— Appellant,

v.

S. HUDSON, Correctional Officer, Defendant—Appellee.

No. 02–17367.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 17, 2003.

Before: RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Sar Marvellous Greene, Sr., appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to prosecute. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's dismissal for failure to prosecute for abuse of discretion, *Al–Torki v. Kaempen,* 78 F.3d 1381, 1384 (9th Cir.1996), and we affirm.

The district court did not abuse its discretion by dismissing Greene's action for failure to prosecute because Greene admitted that he did not intend to file a second amended complaint. *See id.* (discussing factors to consider in dismissing an action for failure to prosecute).

To the extent Greene appeals dismissal of his first amended complaint, we affirm the district court's dismissal of Greene's Eighth Amendment claim premised upon alleged verbal harassment. *See Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir.1996) (holding that verbal threats and harassment do not state an Eighth Amendment claim), *amended by* 135 F.3d 1318 (9th Cir.1998). We also affirm dismissal of Greene's Eighth Amendment failure to protect claim because Greene failed to allege facts demonstrating the defendant knew of and disregarded threats or actual harassment by other inmates based on Greene's having been labeled a "drop out." *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Appellant's request for a default judgment is denied.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Reiman's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.